Spear, J.
Two questions are presented. A decision of either in favor of plaintiff in error would result in a reversal of the judgment. 1. Did the court of common pleas, at the January term, 1895, have power to vacate the- judgment entered at the October term preceding, and if so, did the order made have the effect to vacate that judgment? 2. Did the first mortgage of Clara W. Sweny, by reason of a failure to refile it before the expiration of the year, lose its priority as between it and the mortgage of the Huber Company?
*173 1. It is argued that there was no power in the court to make such an order of vacation because the court had no power to vacate the judgment, or further consider the motion for new trial, even at the October term"' “without there having been alleged in writing some of the causes for which a judgment may be vacated and set aside, viz.: fraud and collusion, judgment taken contrary to agreement, perjury, want of notice, unauthorized appearance of attorney, irregularities, that judgment was against person under disability, or unauthorized entries;” and this not having been done, but the last hearing at the October term having been upon the oral application of Mrs. Sweny, and ' not upon any of the grounds stated above, the order was wholly ineffectual to accomplish the result intended, and that it was not possible for the court to do at the January term what it could not have done at the October term. Hence the judgment and order of January term are erroneous whether the entry then made is or not sufficient in form. We think the position is not tenable. The application was not a motion for a new trial; that motion had already been passed upon. It was an application for a re-hearing of the motion for new trial. That is, the court was asked to vacate the order overruling that motion, and to rehear the case, which was not required to be in-writing, nor to be made within three days after the entry of the orders asked to be set aside. That the court had power to do this is, we think, without question. It is stated in the opinion in Huntington v. Finch, 3 Ohio St., 445, that: “The court of common pleas has ample control over its own orders and judgments during the term at which they are rendered, and the power to vacate or *174 modify them in its discretion.” This doctrine is recognized in Bank v. Doty, 9 Ohio St., 505; Niles v. Parks, 49 Ohio St., 370, and in other cases, and its soundness, as a general proposition, we regard as beyond question. Whether or not there might be exceptions to it we need not inquire, for it is enough to say that the facts of this case do not disclose any ground for such exception.
But it. is further insisted that whether the first point be well taken or not, the so called nunc pro tunc order of the January term is ineffectual to accomplish the purpose sought, because it is an attempt to make such an order as should have been made at the October term, but was not, and not an attempt to require to be entered on the journal an order actually made, but which failed to get upon the journal by inadvertence, and that this is shown by the terms of the journal entry. We agree that the language of the entry is not as clear as it might have been made; indeed it is involved and susceptible of misconstruction. But we think, taking the entry as a whole, it shows that there was an application by counsel for Mrs. Sweny, at the October term, after the entry of judgment against her and the overruling of her motion for new trial, to set aside the order overruling the motion, for a vacation of the entry of judgment, and a rehearing’ of the cause itself, and that this application was entertained; and it is fairly apparent that the prayer for an order setting aside the entry overruling the motion was then granted, and the cause fully argued by counsel and submitted. That would leave the motion in abeyance, and the effect of the subsequent order, whether made at that or the next term was to sustain the motion and grant a new trial, *175 or at least a rehearing, for it was a question of law, and not of fact, which was involved. By-inadvertence, no entry of the order so made was entered on the journal. If the order were in fact made — and the court finds that it was — it then became the duty of the clerk to make a proper entry of it .on the journal. If he failed in this duty, the least reprehensible reason to be assigned for such failure is inadvertence, as, in practice, it is found to be the most common cause for such iailures. The remedy for such inadvertence is an order nuno pro tunc, for the proper office of a nuno pro tuno order is to correct the record so as to cause it to show an act of the court which, though actually done at a former term, was not entered on the journal. Such, we think, is the character of the order of January term, when reasonably construed. Upon the determination of the motion it was proper for the court to dis-r pose of all questions before it, and render judgment, and this the entry, shows the court did,' although, as before stated, the language selected to give effect to the court’s action in the entire matter was not happily chosen.
2. In support of the plaintiff’s claim as to the second question it is argued that the first mortgage of Clara W. Sweny, not having been refiled as directed by statute (section 4155), became absolutely void as against the creditors of James W. Sweny, the assignor, and being so as against the creditors, is likewise void as against the assignee, who stands in the place of the general creditors. And as this is not a contest between mortgagees, but a hearing upon an application made by the assignee asking the court to hear and determine the validity of liens, and the priority thereof upon *176 the fund in his hands, and for an order instructing him to pay the valid liens in the order of priority, the only question for the court to decide is, whether or not the first mortgage of Clara W. Swény is a valid lien as against the creditors, and if not, then, as the mortgage of the Huber Company is admittedly valid as against creditors, judgment in its favor follows necessarily.
True it is held in Hanes v. Tiffany, 25 Ohio St., 549, and Blandy v. Benedict, 42 Ohio St., 295, that a mortgage void as against creditors is void as against an assignee in trust for the benefit of creditors, and that, under our statute, the assignee does represent general creditors so far as necessary to protect the trust, and the rights of creditors are to be worked out through the assignment proceeding in the probate court. And if the claim of counsel represents the actual legal attitude of the case, we could readily assent to his conclusion. But does it? The facts show that either claim will, with the costs, exhaust the entire proceeds of the sale which are in dispute. So that in no aspect of the case are the general creditors interested in the result of the suit, for in no event can any of the proceeds be applied to their claims. Nor is the assignee, although a party here, and although the controversy had its origin in his application, interested in the slightest degree in the controversy between the mortgagees. Then, too, Mrs. Sweny’s second mortgage, given for the same debt, having been taken and filed before the assignment, is good as against general creditors. So that, if the Huber Company’s mortgage were out of the way, her second mortgage would be good against the fund, and wonld wholly exhaust it. The controversy, there *177 fore, in essence and in reality, is not a matter which concerns the assignee in his capacity as representing creditors, but definitely and actually a contest between mortgagees as to which has the right to a fund which is to be wholly swallowed up by one or the other. We reach, therefore, the question which as between the mortgagees, is entitled to the fund? And to determine this we have to consider only the terms of the statute, section 4155, and the controlling facts of the ease. The statute reads:
‘ ‘Every mortgage so filed shall be void as against the creditors of the person making the same or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless, within thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with a statement verified as provided in the last section, together with a statement exhibiting the interest of the mortgagee in the property at the time last aforesaid, claimed by virtue of such mortgage, is again filed in the office where the original is filed.”
Admittedly Mrs. Sweny’s first mortgage is void as against general creditors because not refiled in accordance with the statute. But the Huber Company, although it answers to the general designation of a creditor, -is not, within the meaning of this statute, and because of the classification therein made, considered in connection with the attitude assumed by the company in the case, a general creditor, but a mortgagee, and in determining its rights it is to be considered as such and not as a creditor. And it must appear to be a mortgagee in good faith in order to have a standing as *178 against Mrs. Sweny’s first mortgage. That a mortgagee of chattels is not such in good faith as against a prior mortgage of which the later mortgagee has actual notice, is not an open question in this state. Paine v. Mason, 7 Ohio St., 198; Day v. Munson, 14 Ohio St., 488.
The fact, which appears by the record, that the Huber Company took its mortgage with actual notice of the first mortgage of Mrs. Sweny, in the light of the above rule of law, controls the question, and decides it against the claim of the Huber Company unless as is claimed by the plaintiff’s counsel, the fact that an assignment for creditors has intervened affects the result. And this point, we think, is already disposed of in what precedes with respect to the relation .the assignee bears to the controversy. Looking to the substance rather than to the form it is manifest that neither the presence of the assignee as a party, nor the manner in which the controversy was initiated, should prevent the application of well settled principles, or change the result which follows their application.
We are of opinion that there is no error in the judgments of the courts below.

Judgment affirmed.